NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-293

STATE OF LOUISIANA

VERSUS

HARTSON DALE NASH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 73973
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

AFFIRMED.

**Honorable Don M. Burkett**
**District Attorney**
**Eleventh Judicial District**
**Ronald D. Brandon**
**Assistant District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**


**S. Christie Smith, IV**
**Smith Advocates, LLP**
**300 Courthouse Street**
**P.O. Drawer 1528**
**Leesville, LA 71496**
**(337) 239-2244**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Hartson Dale Nash**

**SAUNDERS, J.**

This criminal suit arises from a Defendant's appeal of a trial court judgment convicting him of possession of a controlled dangerous substance and sentencing him to three years hard labor.

**FACTS AND PROCEDURAL HISTORY:**

Hartson Dale Nash, hereinafter "Defendant," was a passenger in a vehicle that was stopped by police in Sabine Parish on July 2, 2014. Police found cash, drug paraphernalia, and a weapon inside the vehicle. During the booking process at the Sabine Parish Detention Center, an officer found drugs in a trash can near Defendant. After being given a Miranda warning, Defendant admitted to the officers that the drugs were his. The jail's security cameras had recorded the incident, but the recordings were not preserved by the facility.

On September 9, 2014, the State filed an amended bill of information charging Defendant with possession of a Schedule II Controlled Dangerous Substance, hereinafter "CDS," in violation of La.R.S. 40:67; illegal possession of a firearm, in violation of La.R.S. 40:967; illegal carrying of a weapon, in violation of La.R.S. 14:95; and possession or introduction of contraband into a penal institution, in violation of La.R.S. 14:402. The third and fourth charges in the bill of information were dropped.

The parties conducted jury selection on March 30, 2015. The jury began hearing evidence on April 2, 2015, and ultimately found Defendant guilty of possession of CDS, but it did not find him guilty on the firearm possession charge. On July 23, 2015, the trial court sentenced Defendant to three years at hard labor. Defendant now seeks review of this judgment.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the records, we find there are no errors patent.

**ASSIGNMENTS OF ERROR:**

1. Whether the trial court erred in denying the defendant's motion for mistrial or other relief on the grounds of double jeopardy when the state prosecuted the defendant concurrently for possession of a CDS and illegal carrying of a weapon (LSA-14:95(E)) when the "illegality" element was the possession of the CDS for which he was also being tried.

2. Whether the trial court was within its broad discretion to decline to allow testimony from officers regarding what they claim to have observed on a purported video when that video was made by and solely in the possession of police, destroyed by (some of) the police, no copies exist, neither the defendant nor the prosecutor had viewed it, and its lack of production is wholly attributable to the indifference of the police towards preserving it for trial.

3. Whether the trial court determined that the police had acted in "bad faith" under Louisiana Code of Evidence Article 1004 by failing to have any policy about preserving security video made in the jail, by failing to have any training to the officers operating the equipment in how to preserve the video, by failing to inform the officers whom to ask in the chain of command for help in preserving the video, by intentionally ignoring repeated requests from others to preserve the video, by failing to take any action whatsoever to assist in requests to preserve the video or to direct the requestor to someone within the department who could assist in doing so, by thwarting the requestor from obtaining information about how to have the video preserved by informing him it simply was not possible to preserve the video, by thwarting the efforts of the requestor in securing the video by informing him it was destroyed, when, in fact, it was not, and by systematic, apathetic inertia (or intentional disregard) acting to deprive the factfinder of the evidence in its sole and direct control.

**DISCUSSION OF THE MERITS:**

*ASSIGNMENT OF ERROR NO. 1:*

In his first assignment of error, Defendant argues that trying him for both simple possession of CDS and illegal possession of a weapon for possessing the same CDS constitutes double jeopardy. We find this assignment is moot, as Defendant was not convicted of both charges.

In his second and third assignments of error, Defendant argues that this court erred by ruling in a pretrial writ that police officers should be allowed to testify regarding the content of missing security video footage and questioned the determination of bad faith.

According to said officer testimony, the security footage showed Defendant putting the drugs at issue into the trash can in which the drugs were later found.

We observe that this court has previously addressed this issue when the State brought a writ in response to the district court's ruling on excluding the testimony. The majority ruled as follows:

> **<u>WRIT GRANTED AND MADE PEREMPTORY</u>**: In excluding the testimony of those who viewed the video footage, the trial court found the video footage was not available because of gross negligence. The jurisprudence requires bad faith in destruction or loss for the evidence to be excluded. *State v. Mitchell*, 09-977 (La. 5/22/09), 9 So.3d 130. The evidence establishes that the video footage is unavailable, and the trial judge did not make a specific finding of bad faith. La.Code Evid. Art. 1004(1). The trial court's judgment excluding the testimony is hereby reversed, vacated, and set aside. The matter is remanded to the trial court for proceedings consistent with this opinion.

We agreed that "gross negligence" does not equate to "bad faith." *State v. Nash*, 15-296 (La.App. 3 Cir. 4/1/15)(unpublished opinion). The previous ruling does not render this court unable to revisit the issue. However, we note from a prior case, in pertinent part:

> As the State observes, this court has previously addressed Defendant's argument in a pre-trial writ bearing docket number 03-1680. As the State correctly notes, the court's prior review of the issue does not automatically preclude its review on appeal. The supreme court has explained:
>
>> When this court considers questions of admissibility of evidence in advance of trial by granting a pretrial application for supervisory writs (rather than deferring the judgment until an appeal in the event of conviction), the determination of admissibility does not absolutely preclude a different decision on appeal, at which time the issues may have been more

clearly framed by the evidence adduced at trial. Nevertheless, judicial efficiency demands that this court accord great deference to its pretrial decision on admissibility, unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result.

*State v. Humphrey*, 412 So.2d 507, 523 (La. 1981).

Since Defendant's counsel-filed brief makes no mention of the previous writ ruling, it also lacks any argument that said ruling was patently erroneous or unjust. Similarly, the brief contains no attempt to show how the evidence adduced at trial might have "more clearly framed" the issues addressed in the previous writ. Thus, we decline to revisit this issue on appeal.

*State v. Gauthier*, 04-1608, p. 8 (La.App. 3 Cir. 11/2/05), 916 So.2d 314, 320, writ denied, 06-465 (La. 9/22/06), 937 So.2d 378.

We find that Defendant's current argument is virtually identical to the one he advanced in his opposition to the State's pretrial writ. As Defendant has failed to show that this court's earlier ruling was patently erroneous or unjust, we find these assignments of error lack merit.

**DISPOSITION:**

Defendant, Hartson Dale Nash, raised three assignments of error. For the foregoing reasons, we affirm the defendant's conviction and sentence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

4